UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HISUELY ABREU, as Parent and Natural Guardian of
J.D., and HISUELY ABREU, Individually, JHOANA
JUCA, as Parent and Natural Guardian of K.A., and
JHOANA JUCA, Individually, MASSIEL DE LA
CRUZ, as Parent and Natural Guardian of D.D.L.C.
and MASSIEL DE LA CRUZ, Individually,

                    Plaintiffs,

                    v.

MELISSA AVILES-RAMOS, in her official capacity
as Chancellor of the New York City Department of
Education, and the NEW YORK CITY
DEPARTMENT OF EDUCATION,

                    Defendants.

25-CV-5499 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiffs initiated this action on July 3, 2025 under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, on behalf of three students, K.A., J.D., and D.D.L.C., who they allege were denied a Free and Appropriate Public Education by the New York City Department of Education ("DOE"). *See* Dkt. No. 1. On February 20, 2026, Plaintiffs filed their third motion for a temporary restraining order and preliminary injunction in the action, this time alleging that B&H Healthcare Services d/b/a Park Avenue Home Care ("B&H") will pause nursing services to K.A. and J.D., who are both enrolled at the International Institute for the Brain ("iBRAIN"), if they do not receive payments they allege are outstanding by March 5, 2026. *See* Dkt. No. 60. The Court ordered Defendants to file any opposition by February 27, 2026 and for Plaintiffs to reply by March 2, 2026. *See* Dkt. No. 61. In their response, Defendants maintained that they are current on their payments with respect to K.A., and that the DOE has appealed J.D.'s pendency placement such that no payments are due until that administrative appeal is resolved. *See* Dkt. No. 63 at 2.

This motion is one of numerous motions recently filed by Liberty & Freedom Legal Group Ltd ("Liberty") in different cases in which B&H claims that it will pause its nursing services on March 5th if it

does not receive outstanding balances owed. Given this apparently new and coordinated effort, the Court deemed it necessary to ensure that the urgency of Plaintiffs' motion was not artificially manufactured. This concern arose against the backdrop of the discovery that the relevant entities in this matter shared many connections, including that Patrick Donohue, the Founder & Chairman of iBRAIN, where both students attend school, is also a senior attorney and founder of Liberty, which represents Plaintiffs in this and other matters. Thus, on March 3, 2026, after the scheduled briefing was received, the Court issued an order seeking more information on a motion Defendants filed for limited discovery regarding B&H, and directing Plaintiffs to provide information and documentation regarding Liberty and iBRAIN's relationship with B&H by March 5, 2026. The Court also directed the parties to provide dates for oral argument by that evening, with the goal of deciding Plaintiffs' motion by the end of the day on March 5, 2026. *See* Dkt. No. 65. However, rather than request oral argument (which could have been held on March 3th, 4th, or 5th), or otherwise respond or object to the Court's order, Plaintiffs instead filed an interlocutory appeal with the Second Circuit. *See* Dkt. No. 68.

Accordingly, in light of the fact that it appears that Plaintiffs do not intend to comply with the Court's Order to provide the requisite information necessary to address their motion, the Court is no longer in a position to render a decision today.

SO ORDERED.

Dated:     March 5, 2026
           New York, New York

                                                    Ronnie Abrams
                                                    United States District Judge

2