UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HISUELY ABREU, as Parent and Natural Guardian of J.D., and HISUELY ABREU, Individually, JHOANA JUCA, as Parent and Natural Guardian of K.A., and JHOANA JUCA, Individually, MASSIEL DE LA CRUZ, as Parent and Natural Guardian of D.D.L.C. and MASSIEL DE LA CRUZ, Individually,

Plaintiffs,

v.

MELISSA AVILES-RAMOS, in her official capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendants.

25-CV-5499 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiffs commenced this action by filing a Complaint on July 3, 2025. *See* Dkt. No. 1. They then filed two motions for emergency relief, Dkt. Nos. 6, 26, which this Court denied on February 2, 2026. *See* Dkt. No. 55 ("Order"). On January 15, 2026, Defendants moved to dismiss the Complaint. *See* Dkt. No. 46. Plaintiffs subsequently filed a third motion for emergency relief on February 20, 2026. *See* Dkt. No. 60. The Court granted Defendants' request for limited discovery and ordered Plaintiffs to provide additional information about the relationship between B&H Nursing Services, iBRAIN, and Liberty & Freedom Legal Group Ltd. *See* Dkt. No. 65. On March 3 and 4, 2026, Plaintiffs filed interlocutory appeals of the initial denial of the first two motions for emergency relief and the Court's discovery order, which Plaintiffs construe as a denial of its third motion for emergency relief. *See* Dkt. Nos. 67–68. Since then, Plaintiffs have filed two additional motions—a motion for contempt, enforcement, and related relief, Dkt. No. 75 ("Motion to Compel"), and a motion for emergency relief and an indicative ruling under Federal Rule Civil Procedure 62.1. *See* Dkt. No. 81 ("Emergency Relief"). For the reasons that follow, the Court denies

Defendants' motion to dismiss for lack of jurisdiction without prejudice to its future refiling, and denies both of Plaintiffs' motions.

## I.    Motion to Dismiss

Pending before the Court is Defendants' motion to dismiss Plaintiffs' Complaint. *See* Dkt. No. 46. Because this case is currently on appeal before the Second Circuit, *see* Dkt. Nos. 67–68, for the reasons stated by Judge Failla in *Bruckauf v. Aviles-Ramos*, No. 25-CV-5679 (KPF), Dkt. No. 72, the Court denies Defendants' motion to dismiss for lack of jurisdiction without prejudice to its future refiling upon the Court's resumption of jurisdiction.

## II.    Motion to Compel

The first of Plaintiffs' motions pending before the Court is the Motion to Compel, which argues that the 2024–2025 final administrative orders for J.D., K.A., and D.D.L.C. obligated the Department of Education (the "DOE") to make timely payments in accordance with respective agreements, which the DOE failed to make, and that the DOE has not maintained the 2025–2026 pendency program for J.D., K.A., and D.D.L.C. Plaintiffs now seek: (1) an order holding the DOE in civil contempt; (2) immediate enforcement of any remaining financial obligations including the "immediate payment of any unpaid principal amounts that remain due, together with immediate resumption and maintenance of ongoing pendency compliance;" (3) compensatory relief sufficient to make Plaintiffs whole, including unpaid principal, contractual late fees, interest, and attorneys' fees and costs; (4) coercive relief sufficient to ensure obedience including a firm deadline for compliance and escalating sanctions for noncompliance; and (5) the setting of an expedited discovery schedule for the broader Section 1983 and *Monell* issues set forth in the Complaint if the Court concludes that it is not prepared to fully reach those claims. *See* Dkt. No. 76 ("Pls.' Br.") at 22–23.

As to their request for civil contempt, Plaintiffs fail to identify any orders of this Court with which Defendants have failed to comply. *See United States v. Charmer Indus.*, 722 F.2d 1073, 1079 (2d Cir. 1983) ("It is well settled that a court may not hold a person in contempt unless he has violated a definite and specific order of the court."). Accordingly, the motion for contempt is denied. To the extent Plaintiffs seek an order from this Court requiring immediate enforcement of pendency placements including outstanding

payments, Plaintiffs' pending interlocutory appeal divests the Court of jurisdiction to rule since this latest motion raises many of the same issues as "those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also Garcia v. Bloomberg*, WL 3127173, at *1 (S.D.N.Y. July 27, 2012); Pls.' Br. at 23. Although the district court "retains jurisdiction over collateral matters not involved in the appeal," *Garcia*, 2012 WL 3127173, at *1, the issues raised in the Motion to Compel are central to Plaintiffs' appeal of this Court's denial of its first two requests for emergency relief. *See* Dkt. No. 7 ("Pls.' First TRO Br.") at 25 ("Plaintiffs are entitled to a preliminary injunction ordering the DOE to fully fund tuition, special transportation and nursing services for Students for the 2024-2025 and 2025-2026 school years, including the outstanding, disputed amount attributed to any Late Fees associated with the untimely payment and withholding of funding by DOE, in accordance with their respective tuition, special transportation and nursing services."). The Court is thus divested of jurisdiction with respect to Plaintiffs' application for immediate enforcement and immediate payment.

As to the final issue—whether Plaintiffs are entitled to expedited merits discovery on the Section 1983 and *Monell* issues—the Court concludes that discovery is not appropriate while the two appeals are pending. Accordingly, Plaintiffs' motion for accelerated merits discovery is denied.

### III.    Motion for Emergency Relief and Indicative Ruling

Additionally, on April 17, 2026, Plaintiffs filed an emergency letter motion under Federal Rule of Civil Procedure 62.1 requesting that the Court state either: (1) that it would grant relief if the Second Circuit remands for that purpose, namely an order requiring Defendants to immediately maintain and fund the students' pendency placements and services; or (2) that their motion raised a substantial issue in light of the post-order developments, namely the alleged closure of iBRAIN. *See* Emergency Relief at 5–6. For the reasons stated, the Court denies Plaintiffs' request for an indicative ruling under Rule 62.1 for substantially the same reasons set forth in Defendants' response. *See* Dkt. No. 86. Further, the Court finds persuasive the reasons provided by Judge Failla when denying similar emergency relief sought by iBRAIN parents in a similar case, *see Bruckauf*, Dkt. No. 74 and by Judge Liman in *Ramos v. Samuels*, No. 26-CV-3128 (LJL), Dkt. No. 18. The Court thus denies Plaintiffs' request for an indicative ruling.

## IV.     Conclusion

The Clerk of Court is hereby respectfully directed to terminate the pending motions at Dkt. Nos. 46, 75, 81.

SO ORDERED.

Dated:     May 7, 2026
           New York, New York

Ronnie Abrams
United States District Judge